## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BENJAMIN-JAMES MACHUL, | : | Case No. 3:19-mc-00011 |
| | : | |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| STATE OF FLORIDA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Benjamin-James Machul, a resident of Dayton, Ohio, has filed a pro se Petition to Confirm Arbitration Award (Doc. #1), a Motion to Confirm Arbitration Award (Doc. #4), and a Memorandum in Support of Motion to Confirm Arbitration Award (Doc. #9). Although this action should have been originally docketed as a civil case, docketing as a miscellaneous case has worked to Machul's benefit because he has avoided paying the filing fee applicable to civil cases, and he has not submitted an application to proceed *in forma pauperis*. But rather than requiring Machul to re-file this as a civil case, present consideration of his Petition and Motion is warranted because the Court must dismiss a case when subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 1212(h)(3). Additionally, a present look at Machul's submissions is appropriate in the interests of justice and judicial economy, and given the Court's inherent authority to control its own

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

docket. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

Machul asks the Court to confirm an arbitration award that he has attached to his Petition as Exhibit A. He states, "I am willing to give grace and settle for less, I would be satisfied with $500,000,000.00 against the State of Florida, *et al*. and $600,000.00 against MATT'S EXPRESS TOWING AND RECOVERY, INC., and retain $500 per day until the debt is paid." (Doc. #1). He seeks an Order confirming the arbitration award under the Federal Arbitration Act, 9 U.S.C. § 9.

A jurisdictional problem jumps off the face of the Petition, Motion, Memoranda, and attached Exhibits: There is no federal question presented under 28 U.S.C. § 1331. The Federal Arbitration Act, the sole federal ground on which Machul stands, "'is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 ... or otherwise.'" *Hale v. Morgan Stanley*, 3:19cv229, 2020 WL 1233772, at *2 (S.D. Ohio 2020) (Rice, DJ) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25, n.32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

There is also no factual allegation raised in the Petition, Motion, Memoranda, or attached materials indicating that any named Respondent—the State of Florida, the Florida Attorney General Pam Bondi or her successor, and Matt's Towing Express in Bradenton, Florida—has any physical presence in the State of Ohio or has reached into Ohio in any manner that would trigger Ohio's long-arm statute, Ohio Rev. Code § 2307.382(A), or that would comport with the minimum-contacts requirement of the Due

2

Process Clause. The named Respondents' complete lack of contact with Ohio deprives this Court of general and specific personal jurisdiction over them. *See, e.g., Stehle v. Venture Logistics, LLC*, 3:19cv00169, 2020 WL 127707, at *5-*6 (S.D. Ohio 2020) (Rose, DJ) (and cases cited therein).

Although these jurisdictional problems are fatal to Machul's present action, there is another concerning matter created by the copy of the arbitration award he submits. The arbitration award carries the signature of ":tornillo:Pierce el-bay" with the notation "all rights reserve," and the following statement:

> Greensboro non-resident
> North Carolina without the United States
> United States of America

(Doc. #1, *PageID* #12). The arbitration award states that "LAMG" appointed :tornillo:pierce el-bay as arbitrator over this matter and that "claimant [Machul] appointed LAMG to arbitrate over this commercial contractual agreements [sic]…." *Id.* at 6. There is scant information about what LAMG is except for the reference to it as "private LAMG International Arbitration, here in after [sic] LAMG competent authority within the United States of America having jurisdiction over commercial matter whether contractual or not and having jurisdiction over inter-governmental organization and non-governmental organization within the United States …." *Id.* at 5. Neither the arbitration award nor any of Machul's materials explain what each letter of the acronym LAMG stands for. The remedy granted by the purported arbitration award includes voiding ab initio a criminal forfeiture case in Florida and—among other things—states, "That the UNITED STATES OF AMERICA through the UNITED STATES-'State of' in this case

State of Florida/STATE OF FLORIDA and or territory, its agents, officers, employees, assigns, etc. are restrained and enjoined from attempting to prosecute [e]state/vessel BENJAMIN J MACHUAL [sic] and living man :Benjamin-James:Machul, as it relates to the matters involving this arbitration and the aforesaid underlying void action … in addition to any other causes that may relate in any way to these matters ….." *Id.* at 10-11.

These and other aspects of the arbitration award attach to it a stigma of illegitimacy. Not only does it lack meaningful legal analysis supported by case law, it also describes remedies—such as voiding a criminal state criminal case—alien to all but imaginary arbitration proceedings and awards. Further, Machul's purported arbitration award aligns with the types of chicanery offered by so-called sovereign citizens— "persons who through name changes and pseudo-legal documents consider and declare themselves to be free from obligations such as federal income taxes, state registration requirements, and private contracts." *El Bey v. Bank of America, N.A.*, 2014 WL 517491, at *6 (E.D. Mich. 2014) (citation omitted). This is further illustrated by the arbitrator's note, "all rights reserved"; the absence of the arbitrator's credentials; the references to LAMG International Arbitration (an unexplained, if not phony, entity); and notes apparently indicating that the arbitrator is a Greensboro nonresident and that North Carolina is somehow outside the United States of America. If chimera has led to Machul's arbitration award, as it appears to, his case is frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 696,129 S.Ct. 1937, 1959 (2009) (Souter, J., dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it:

claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.").

## IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's Petition be dismissed for lack of subject matter and personal jurisdiction; and

2.    The case be terminated on the Court's docket.


April 24, 2020                                      *s/Sharon L. Ovington*
                                                    Sharon L. Ovington
                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).