# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BENJAMIN-JAMES MACHUL, | : | Case No. 3:19-mc-00011 |
| | : | |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| STATE OF FLORIDA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

The Court previously dismissed this case, and the Clerk of Court docketed a Judgment in favor of Defendant and against Plaintiff Benjamin-James Machul.  (Doc. #s 14, 15).   Plaintiff filed a Notice of Appeal in which he stated, in part, "I Benjamin-James: Machul hereby give this timely Notice of Appeal to Appeal Court [sic] in the District of Columbia or pursuant to Federal Arbitration Act coded as Title 9 US Code." (Doc. #16).  Soon thereafter, the United States Court of Appeals for the Sixth Circuit assigned his appeal case number 20-3579 and directed him to pay the required filing fee or apply to proceed in forma pauperis on appeal.  (Doc. #17).  Plaintiff subsequently paid the required appellate filing fee.  (Doc. #18)

Plaintiff recently sent a letter to the Clerk of this Court requesting that all documents in this case be transferred to the U.S. Court of Appeals for the Federal Circuit.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

He explains that he stated his Notice of Appeal that he wanted to his appeal to proceed in the District of Columbia, which he thought would be in the Federal Circuit Court of Appeals.  He further explains, "I … mailed to the U.S. Court of Appeals for the Federal Circuit for them to start the appeal process, but I guess I was misguided on some procedural rules.  But they did time stamp my Notice of Appeal and mailed back a torn taped copy of the document with the USPS money order 23793190784 for the $505.00 filing fee.  It therefore appears that Plaintiff has appealed (attempted to appeal) the present case in both the U.S. Court of Appeals for the Sixth and Federal Circuits.

If Plaintiff is now asking for a transfer venue of his appeal to the U.S. Court of Appeals for the Federal Circuit, this Court lacks jurisdiction over his request. In general, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  An exception to this general rule arises when the "district court retains jurisdiction to proceed with matters that are in aid of the appeal." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (citation omitted).  Plaintiff's notice of appeal divests this Court of jurisdiction over his request to change venue of his appeal.  The fact that he wants to appeal the instant case in the Federal Circuit, rather than the Sixth Circuit, presents an issue central to his appeal— i.e., where this case is properly venued on appeal.  Appellate venue is not an issue this Court may decide in aid of the appeal but is instead an issue to be resolved at the

appellate level. This Court therefore lacks jurisdiction to grant Plaintiff a transfer of venue of his appeal to the U.S. Court of Appeals for Federal Circuit.

To the extent Plaintiff wants additional copies of documents filed in the present case so he can send them to the Federal Circuit Court of Appeals, he may request such documents from the Clerk of this Court and must pay the standard copying fee.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion to Transfer Venue to the Federal Circuit (Doc. #19) be DENIED; and

2. The case remain terminated on this Court's docket.


June 24, 2020                                         *s/Sharon L. Ovington*
                                                     Sharon L. Ovington
                                                     United States Magistrate Judge

3

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).